IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No. 1:20-cr-01361-WJ-1

DAVION R. JARAMILLO,

    Defendant.

**MEMORANDUM OPINION AND ORDER ON THE SENTENCING OF DEFENDANT**

    Defendant Davion Jaramillo possessed a different firearm on three separate occasions in early 2020, conduct which his status as a felon prohibited. The state prosecuted the first of these offenses, and the federal government is prosecuting the second two offenses in this case. The United States Sentencing Guidelines (the "Guidelines") offer departures in circumstances similar to this case, but—as both parties acknowledge here—Defendant's facts do not quite fit. Because departures are only appropriate when a defendant meets specific circumstances, and because Defendant's background and offense characteristics do not justify a variance, the Court sentences Defendant to a low-end Guidelines sentence of 24 months on each of his two federal counts, running concurrently.

## BACKGROUND

    In October 2019, Defendant—then approximately twenty years old—received a sentence of probation for felony shoplifting. Doc. 41 at 2, 6 ¶ 22. He then possessed a firearm in January 2020 and shot the firearm into the air. Doc. 49 at 4. The January incident was prosecuted in state court and Defendant was sentenced on two counts: the unlawful possession because of his status as a felon and a negligent use of a deadly weapon charge for having fired into the air. Doc. 41 at 9

¶ 41. Each count received a sentence of eighteen months, running concurrently. *Id.* Defendant has completely discharged these sentences. Doc. 49 at 7.

Defendant also possessed a firearm in February and April 2020, and these two possession charges were brought in federal court in the present matter. Doc. 41 at 3 ¶ 1. The Guidelines range for this conduct is 24-30 months. *Id.* at 15 ¶ 67. The parties agree that the January 2020 possession prosecuted in state court is relevant conduct to the federal offenses, but the negligent use of a firearm is not. *See* Doc. 52 at 2 (United States concedes that the January 2020 possession is relevant conduct); Doc. 49 at 4 (Defendant concedes that the negligent use of a firearm conviction is not relevant conduct).

## DISCUSSION

The Guidelines contain provisions for a downward departure when a defendant has another sentence for relevant conduct. Section 5G1.3(b), for example, states that if a defendant has an undischarged sentence for relevant conduct, the federal court "shall adjust the sentence" that it gives to take into account the time the defendant has already served and shall impose its sentence to run concurrently with the remainder of the defendant's undischarged term. That is, the federal court should essentially give the defendant credit for partially-served or unserved sentences for offenses deemed relevant conduct. Additionally, Section 5K2.23 allows for a downward departure when a Section 5G1.3(b) sentence has been fully discharged, since Section 5G1.3(b) itself only covers undischarged sentences.

Unfortunately for Defendant, the above protections only cover circumstances where the prior sentence comes from *entirely* relevant conduct. Section 5G1.3, application note 2(A). Defendant's state sentence is made up of two counts: the possession count, which is relevant conduct, and the negligent use of a firearm count, which is not. Therefore, Defendant's eighteen-

month state sentence is only *partially* relevant conduct, which is not the type of sentence Section 5G1.3(b) covers.

Instead, partially relevant conduct falls under Section 5G1.3(d). Section 5G1.3, application note 2(A). Section 5G1.3(d) states that under such circumstances, "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." But Section 5G1.3(d) covers only undischarged terms of imprisonment, and there is no equivalent to Section 5K2.23 that allows for a downward departure for a discharged term in the same circumstances; Section 5G1.3(d)'s language does not function to give credit for served time like Section 5G1.3(b) does, but instead simply allows unserved time to run concurrently with the federal sentence.

The somewhat arbitrary nature of this distinction—essentially crediting time served for fully relevant conduct but not partially relevant conduct—is only exacerbated by the note to Section 5G1.3(d). This note reads as follows:

> Unlike subsection (b), subsection (d) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on the undischarged term of imprisonment. However, in an extraordinary case involving an undischarged term of imprisonment under subsection (d), it may be appropriate for the court to downwardly depart. This may occur, for example, in a case in which the defendant has served a very substantial period of imprisonment on an undischarged term of imprisonment that resulted from conduct only partially within the relevant conduct for the instant offense. In such a case, a downward departure may be warranted to ensure that the combined punishment is not increased unduly by the fortuity and timing of separate prosecutions and sentencings.

Section 5G1.3, note 4(E). That is, this note addresses the role of sheer bad luck and timing. If a defendant has a state sentence of completely relevant conduct and the federal case, by chance, took a while to finish and left him serving a lengthy portion of his (undischarged) state sentence in the meantime, Section 5G1.3(b) will essentially give him credit for the time he served on that state

sentence. But in the same circumstances for a defendant with a state sentence of *partially* relevant conduct, he will not receive the same adjustment for the time he has already served (on his undischarged sentence). Therefore, this note authorizes a downward departure under Section 5G1.3(d) in those limited circumstances to address the disparity.

However, because there is no equivalent of Section 5K2.23 that applies Section 5G1.3(d) to fully discharged terms the way it does for Section 5G1.3(b), the same is not true for fully discharged terms of partially relevant conduct. Defendant still slips through the cracks. Even though the policy reasons in support of a Section 5G1.3(d) downward departure for a mostly-served sentence apply just as logically to a completely-served sentence, the Guidelines simply do not provide for these circumstances. The following chart summarizes the dilemma:

|  | Fully relevant conduct | Partially relevant conduct |
| --- | --- | --- |
| Undischarged sentence, unserved time | Section 5G1.3(b) instructs federal court to run federal sentence concurrently | Section 5G1.3(d) allows the federal court to run federal sentence concurrently |
| Undischarged sentence, served time | Section 5G1.3(b) instructs federal court to adjust federal sentence to compensate for this time | Section 5G1.3 note 4(E) allows a downward departure when a very substantial period has been served |
| Discharged sentence | Section 5K2.23 authorizes a downward departure if Section 5G1.3(b) is otherwise met | **No Section 5K2.23 coverage; Defendant falls into this category** |

Defendant seeks to extend Section 5K2.23 to cover these circumstances, but by its plain text, it does not; it applies only to Section 5G1.3(b), which requires fully relevant conduct. Alternatively, Defendant seeks to use the "catch-all" Section 5K2.0 to fill this gap, but again, it does not apply. Section 5K2.0(a)(2), which Defendant cites, states that if any ground for departure in subpart 5K "is present in the case and has not adequately been taken into consideration in determining the applicable guideline range," a departure may be warranted. Section 5K2.0's

language is discretionary in nature, not mandatory, and the Court finds that it is not applicable here because the Guidelines *have* taken the issue into consideration. It would be easy for Section 5K2.23 to include both Sections 5G1.3(b) and 5G1.3(d); however, the United States Sentencing Commission has simply chosen not to.

While the inconsistency in the Guidelines may be somewhat illogical, it does not lead to an unfair outcome in this case. Indeed, if the January 2020 state possession charge did not exist at all, Defendant would be facing an 18-month state sentence for negligent use of a weapon and a 24-to-30-month federal sentence for the February and April 2020 possession charges—the exact same time he faces without the downward departure he seeks. He is therefore not serving *more* time based on the happenstance that his January 2020 possession offense was prosecuted in state court rather than federal court. He is simply seeking the opportunity to serve less time based on his proximity to other departure options in the Guidelines, and while it is understandable that he makes this argument given how close he is to what they allow, being *close* to meeting the requirements is not the same as meeting them.

Defense counsel also argues for a downward variance, asserting that to the extent that the Court believes Defendant is being treated too harshly under the Guidelines, then the Court can utilize the sentencing factors under 18 U.S.C. § 3553(a) and vary downward. Doc. 49 at 8-9. These arguments are based primarily on Defendant's character, Defendant's upbringing with his mother incarcerated for murder, and the nature of Defendant's crime, which did not hurt anyone and was predicated on a felony that was also nonviolent. *Id.* Defense counsel also brings up Defendant's desire to overcome his methamphetamine addiction and earn a high school diploma—in short, to turn his life around. *Id.* These characteristics are certainly admirable, although they are not uncommon among criminal defendants in this district and therefore do not warrant a downward

variance in this particular case. The Court has no doubt that defense counsel sees a side of Defendant to which judges are not privy by nature of their position and therefore appreciates defense counsel's insights. The undersigned is optimistic for this young defendant, who has his whole life ahead of him, and sincerely hopes that the addiction treatment program and educational opportunities to which he will have access in prison and on supervised release will help him to embark on a new path. A low-end Guidelines sentence of 24 months on each of the two counts, running concurrently, is sufficient but not greater than necessary to satisfy the goals of sentencing.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE